# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DENNIS MANKEL,

        Plaintiff,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

        Defendants.

3:16-cv-00657-HDM-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

    This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) and LR IB 1-4. This matter is before the Court on deponent Daliz Rodriguez's ("Rodriguez") failure to comply with this Court's orders. Before the court is plaintiff's motion for Order to Show Cause ("OSC") (ECF No. 21). Upon review of the documents submitted in response to this court's order to show cause (ECF No. 22), the court recommends that Rodriguez be held in contempt.

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

    On June 16, 2016, Dennis Mankel ("plaintiff") commenced an action in the Second Judicial District of the State of Nevada against Government Employees Insurance Company ("defendant"). (ECF No. 1 at 1.) On November 14, 2016, defendant removed the case based on diversity jurisdiction. (*Id.*) Plaintiff alleges causes of action founded upon: (1) breach of contract; and (2) breach of an implied covenant of good faith and fair dealing (bad faith). (*See* ECF No. 1-1.)

    Rodriguez served as the claims adjuster who was the primary file handler in plaintiff's case. (ECF No. 21 at 2.) Rodriguez's knowledge and handling of plaintiff's insurance claim is relevant to plaintiff's bad faith claim. (*Id.*) On April 21, 2017, counsel for plaintiff served his

Notice of Deposition and subpoena for the deposition of Rodriguez upon defense counsel. (*See* ECF No. 21-1 at 2; *See* ECF No. 21-2 at 1.) Plaintiff's counsel's office also sent an electronic copy of the subpoena to a process server who attempted to serve Rodriguez. (*See* ECF No. 21-3.) The process server continued to make daily attempts to serve Rodriguez, but to no avail, thus another process server was designated to serve Rodriguez. (*See* ECF No. 21-4.) After numerous attempts, Rodriguez was finally served with a Notice of Deposition on May 2, 2017, notifying him that the scheduled deposition was to take place in Tucson, Arizona on May 4, 2017 at 9:00 a.m. (*Id.*) Plaintiff's counsel attended the scheduled deposition in Reno, Nevada via video conference, but Rodriguez failed to appear for his deposition. (ECF No. 21 at 2.) Rodriguez's nonappearance was taken on May 4, 2017 at 9:25 a.m. (*See* ECF No. 21-5.) Rodriguez made no attempts to contact counsel or the court reporter prior to his deposition. (ECF No. 21 at 3.)

On May 16, 2017, plaintiff moved this court for an order to show cause for Rodriguez's failure to comply with the deposition subpoena and for reimbursing plaintiff for costs associated with the deposition in the amount of $1,180.70. (ECF No. 21 at 4-5.) On July 13, 2017, this court held a show cause hearing to ascertain if Rodriguez should be held in contempt of court for failure to comply with a subpoena for deposition and be required to reimburse plaintiff for costs. (ECF No. 22.) Rodriguez did not appear for the show cause hearing and did not file an objection to the court's order. (ECF No. 24.) Only counsel for defendant and plaintiff appeared for the hearing. (*Id.*)

## II. DISCUSSION AND ANALYSIS

Rule 37(b)(2)(A)(vii) of the Federal Rules of Civil Procedure provides for sanctions for a party's failure to comply with a discovery order, and sanctions may include "treating as contempt of court the failure to obey any order." Civil contempt is designed to compel a party's obedience to a specific and definite court order after that party failed to take all reasonable steps to comply. *GoVideo, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993). A fine and imprisonment can be imposed for civil contempt by serving "as coercive sanctions to compel

the contemnor to do what the law made it his duty to do." *See* § 703 Distinction from Civil Contempt, 3A Fed. Prac. & Proc. Crim. § 703 (4th ed.) (quoting *Penfield Co. v. Securities and Exchange Commission*, 330 U.S. 585, 590 (1947)). Contempt fines are issued to "coerce the defendant into compliance with the court's order, [or] ... compensate the complainant for losses sustained." *Bingman v. Ward*, 100 F.3d 653, 656 (9th Cir. 1996) (quoting *International Union, UMW v. Bagwell,* 512 U.S. 821 (1994)). In civil contempt actions, the court may "assess attorneys' fees ... 'as part of the fine to be levied on the defendant.'" *Donovan v. Burlington N., Inc.*, 781 F.2d 680, 682 (9th Cir. 1986) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258 (1975)). The court pursuant to Rule 37(b)(2) may also order non-parties found in civil contempt for discovery violations to pay their opponent's attorney's fees and expenses in order to compensate the latter for any losses sustained as a result of the contemnor's conduct. *David v. Hooker, Ltd.*, 560 F.2d 412, 417 (9th Cir. 1977).

Imprisonment for civil contempt cannot be imposed for a fixed term, but is limited to remedial or coercive imprisonment until the person convicted complies with the court's order. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 372, n. 37 (1947). However, imprisonment is permissible in civil contempt when the contemnor is given the option of earlier release if he complies. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994) (citing *Shillitani v. United States*, 384 U.S. 364, 370, n. 6 (1966) (upholding as civil "a determinate [2-year] sentence which includes a purge clause")). In these circumstances, a civil contemnor "carries the keys of his prison in his own pocket" and is able to purge the contempt in order to obtain his release by committing an affirmative act. *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (quoting *Gompers v. Buck's Stove & Range Co.,* 221 U.S. 418, 442 (1911)). Courts have power in contempt proceeding to impose conditional imprisonment to compel a person to obey a valid order. *Uphaus v. Wyman*, 360 U.S. 72, 79 (1959). Once a civil

contemnor complies with the underlying order, he is purged of the contempt and is free. *Turner v. Rogers*, 564 U.S. 431, 442 (citing *Hicks v. Feiock,* 485 U.S. 624, 638, n. 9 (1988)).

The court has broad contempt powers to punish by fine or imprisonment those who disobey or resist court orders, *see* 18 U.S.C. § 401, and the court has broad discretion in determining whether and to what extent it should exercise its contempt powers. *Green v. United States*, 356 U.S. 165, 188 (1958). Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) upon the commission of an act of civil contempt, the magistrate judge shall:

> . . . the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

While contempt "need not be willful," a party should not be held in contempt if their actions "appear to be based on good faith and a reasonable interpretation of the court's order." *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A finding of contempt is not appropriate where the contemnors have taken "all reasonable steps" to comply with the court's order. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1479 (9th Cir. 1992).

Here, Rodriguez has acted in a manner that is contrary to the intentions of both parties and this court to resolve this case in a good faith manner while also defying orders from this court. As a result, the undersigned magistrate judge finds Rodriguez to be in civil contempt and hereby certifies that the respondent has failed and refused to obey the order to show cause why he should not be compelled to comply with plaintiff's notice of deposition scheduled for May 4, 2017 at 9:00 a.m.

It is therefore recommended that plaintiff's order to show cause (ECF No. 21) be granted. It is further recommended that the District Court enter an order requiring Rodriguez to reimburse

plaintiff for costs incurred in preparing for the deposition in the amount of $1,180.70, and be adjudged in contempt by reason of these facts. If Rodriguez fails and refuses to appear before the District Court, it is recommended that a bench warrant be issued for his arrest.

### III. CONCLUSION

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

For the reasons stated above, the undersigned magistrate judge recommends that plaintiff's motion for order to show cause (ECF No. 21) be granted. It is further recommended that the District Court enter an order to Daliz Rodriguez requiring him to reimburse plaintiff for costs in the amount of $1,180.70, and show cause why he should not be adjudged in contempt by reason of the facts certified herein by the undersigned magistrate judge. It is further recommended that if respondent fails and refuses to appear before the District Court, that respondent be adjudicated in contempt and a bench warrant be issued for his arrest.

**DATED**: July 31, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**